Judgment against Panama Railroad Company affirmed. Judgment in favor of defendant New York Central Railroad Company reversed.

---

HENRY L. HUNTER, INC., Appellant, *v.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Respondent.

(Supreme Court, Appellate Term, First Department, October, 1916.)

Carriers — action to recover for alleged overcharges for demurrage — application for redress.

Where cars upon which alleged overcharges for demurrage were assessed and collected contained interstate shipments of produce consigned to plaintiff, application for redress must first be made to the interstate commerce commission before any action can be brought in a state court to recover the alleged overcharges.

APPEAL by the plaintiff from a judgment of the City Court of the city of New York, dismissing the complaint upon the merits.

Neil P. Cullom, for appellant.

Charles M. Sheafe, Jr. (Madison G. Gonterman, of counsel), for respondent.

SHEARN, J.   This action was brought to recover alleged overcharges for car demurrage paid by the plaintiff to the defendant at various times between November 19, 1911, and September 16, 1914.   Upon the authority of *New York & New Jersey Produce Co. v. New York, New Haven & Hartford R. R. Co.*, App. Term, First Dept. Nov. 1915, the plaintiff was entitled to recover.   The reason that the case was not followed by the learned trial justice doubtless was that there was no opinion handed down either upon the trial or upon the affirmance in that case, so neither the facts nor the grounds of the decision were before the court.   Reference to the record in that case and to the unpublished justices' report on the appeal shows that the facts in the two cases are essentially the same and the decision rendered therein sustaining a recovery must now be followed.

In the case at bar, however, a question is presented which was not raised in the other case, namely, that of jurisdiction.   The cars upon which the charges were assessed and collected by the defendant contained interstate shipments of produce consigned to the plaintiff at the Harlem river station of the defendant, New York city.   The demurrage collected was pursuant to a tariff governed by the uniform car demurrage rules approved by the interstate commerce commission.   On

March 16, 1908, the interstate commerce commission decided that demurrage rules and charges applicable to interstate shipments are governed by the act to regulate commerce, and therefore are within its jurisdiction and not within the jurisdiction of state authorities, and the commission has assumed jurisdiction as to the interpretation of car demurrage rules (24 I. C. C. 27). Section 9 of the Interstate Commerce Act gives the commission jurisdiction over complaints for the recovery of damages for which carriers may be liable under the provisions of said act. Section 22 provides that the act shall not affect existing remedies at common law. Passing the point whether there could be any recovery here at common law, particularly where the payments sought to be recovered were voluntarily made, it has been repeatedly held that where the wrong complained of involves violations of the act which are subject to the jurisdiction of the interstate commerce commission, application for redress must first be made to the commission before any action can be brought in the courts. *Texas & Pacific R. Co.* v. *Abilene Oil Co.,* 204 U. S. 426; *Texas & Pacific R. Co.* v. *American Tie Co.,* 234 id. 138; *Loomis* v. *Lehigh Valley,* 240 id. 43, and *Loomis* v. *Lehigh Valley,* 208 N. Y. 312. This entire controversy depends upon an interpretation of highly technical rules and the validity of practices which the railroad company claims to be recognized and provided for in the rules and which the plaintiff contends are manifestly contrary to the rules. Whether there is under the demurrage rules a difference between cars held for switching orders and cars held for general orders, what constitutes " constructive placement," whether the note under a certain rule, namely, rule 3, section B-1, applies to cars held for switching orders or

should be read in connection with rule 2, section A (to which place the respondent claims it has been transferred by the tariff of car demurrage rules X-15 issued by the interstate commerce commission on September 25, 1915), are questions peculiarly for the interstate commerce commission, which promulgated the rules and has jurisdiction to give reparation for charges exacted in violation of the rules.  '' The dominating purpose of the statute was to secure conformity to the prescribed standards through the examination and appreciation of the complex facts of transportation by the body created for that purpose.'' *Minnesota Rate Cases,* 230 U. S. 352, 419.  The learned trial justice, in an able opinion, interpreted these rules to mean directly the opposite to that which was held by this court in the *New York & New Jersey Produce Company* case.  The same question litigated in a neighboring state or in the federal courts might result in as many different determinations of the questions involved, which were appropriately described in the opinion below as '' intricate.''  For the sake of uniformity and in accord with the spirit of the decisions of the Supreme Court of the United States and our Court of Appeals, it is held that the court was without jurisdiction in the first instance.  Accordingly, the judgment dismissing the complaint is affirmed with costs, but without prejudice to the prosecution of a complaint upon the same cause of action before the interstate commerce commission or to bringing a new action thereafter.

GUY and BIJUR, JJ., concur.

Judgment affirmed, with costs.