JOSEPH V. WILSON and CHARLES D. WILSON, Copartners
Doing Business under the Firm Name and Style of WILSON
BROTHERS, Respondents, *v.* THE LONG ISLAND RAILROAD
COMPANY, Appellant.

Second Department, June 22, 1917.

**Common carriers — interstate commerce — action by shipper to
recover demurrage charges — jurisdiction of State court prior to
investigation of Interstate Commerce Commission — voluntary
payment without protest no defense.**

A State court has jurisdiction of an action to recover demurrage charges
which plaintiffs, the receivers of interstate carload freight from defendant,
a common carrier, had paid to defendant upon its demands for holding
cars in its yard prior to placing them upon plaintiffs' private track, in
which action the reasonableness of the defendant's rule as to freight
tariffs is not assailed, but in which recovery is sought upon the theory
that the defendant failed to comply with said rule in that its agent did
not give the plaintiffs the written notice required thereby, although
there has been no investigation and determination by the Interstate
Commerce Commission as to the validity of the charges.

Said charges may be recovered although payments were made voluntarily
and without protest.

APPEAL by the defendant, The Long Island Railroad Company, from a judgment of the County Court of Kings county, entered in the office of the clerk of said county on the 13th day of October, 1916.

*Dominic B. Griffin* [*Joseph F. Keany* with him on the brief], for the appellant.

*Neil P. Cullom* [*Arthur W. Rinke* with him on the brief], for the respondents.

MILLS, J.:

This is an appeal by defendant from a judgment entered in Kings county October 13, 1916, in favor of the plaintiffs for $1,366.34, upon a verdict for $1,275.73, rendered at a trial term of the Kings County Court, such verdict being directed by the trial court. The action was brought to recover certain demurrage charges, amounting to $1,212, with interest, which plaintiffs, the receivers of interstate carload freight from defendant, a common carrier, had paid to defend-

ant, upon its demands, for holding cars in defendant's freight yard prior to placing them upon plaintiffs' private track.

Under rule 5 of defendant's freight tariffs, established according to law and with the approval of the Interstate Commerce Commission, it was entitled, in charging demurrage, to consider cars as placed upon such a private track as by "constructive placement" when actual delivery thereon "cannot be made on account of the act or neglect of the consignee, or the inability of the consignee to receive," provided that "The carrier's agent must send or give the consignee written notice of all cars he has been unable to deliver because of the condition of the private or interchange tracks, or because of other conditions attributable to consignee." The recovery was asked and indeed given for charges made and collected upon such cars with interstate shipments so held upon defendant's tracks because of such inability of the plaintiffs to receive them upon their own private track, but the defendant's agent in each such instance failed to send or give to the plaintiffs such written notice. The payment in each instance appears to have been made without any protest. Respondents' brief claims that there was evidence of such protest, but appellant's counsel, in his reply brief, asserts that the evidence thus referred to did not show any protest, and I think he is correct in that view. The witness merely testified that he said that the charges were "in excess," but failed to specify how or to what extent. As the verdict was directed against the exception of the defendant, which asked that the case be submitted to the jury upon all questions, it is manifest that the verdict must be tested here upon the theory that the payments were made without protest.

Appellant presents here two contentions in support of its appeal, viz.: (a) That the State court is without jurisdiction of the action until after investigation and determination by the Interstate Commerce Commission as to the validity of the charges; and (b) that the charges, having been paid voluntarily and without protest, cannot be recovered.

As to such first contention, appellant's counsel cites and relies upon *Hunter, Inc., v. N. Y., N. H. & H. R. R. Co.* (97 Misc. Rep. 26), wherein the Appellate Term in the First Department last October held that such an action could not

be maintained in the State courts until application had first been made to the Interstate Commerce Commission for redress. The opinion did not recite at any length or in detail the facts, so that it is impossible therefrom to determine just what the nature of the overcharge was.    The governing rule, however, seems to have been clearly laid down in two recent decisions of the United States Supreme Court, viz.: *Pennsylvania Railroad* v. *Puritan Coal Co.* (237 U. S. 121, 127) and *Pennsylvania Railroad* v. *Sonman Coal Co.* (242 id. 120).

In each such case the action was brought in a State court by a shipper against an interstate carrier to recover damages for the latter's failure to furnish sufficient cars.    The gist of the decision in each of those cases is that the action may be brought in either the State or Federal court unless the reasonableness of the tariff rule is assailed, and that where its reasonableness is admitted and the claim is based upon the alleged failure of the carrier to comply with the rule, resort may be had to either court.

In the instant case the reasonableness of said rule 5 is not assailed by the plaintiffs, but the recovery has been sought and obtained upon the contention that the defendant failed to comply with that rule, in that its agent failed to give the plaintiffs the written notice thereby required.    I think, therefore, that the State court has jurisdiction of the action.

As to the second contention of the appellant, namely, that there can be no recovery because the payments were voluntarily made by plaintiffs, that is, without protest, it appears to have been decided by the Court of Appeals in *Pennsylvania R. R. Co.* v. *Titus* (216 N. Y. 17) that in the case of freight tariff charges which had been duly established by the rules approved by the Interstate Commerce Commission, the parties cannot by their " agreement, mistake or artifice " change them, and that where they have attempted to do so the balance unpaid may be recovered.    In that case the action was by the carrier to recover three dollars and forty-five cents which it had charged the shipper too little, and accepted the balance from him.    Fifteen months later the carrier discovered its error in computing the charge and demanded payment of the shortage, and that being refused the action

was brought.   The expression in the opinion (p. 22) upon the subject is very broad and would seem equally applicable in favor of the shipper suing to recover an excess paid by him upon the carrier's demand.

I advise, therefore, that the judgment of the County Court of Kings county be affirmed, with costs.

JENKS, P. J., STAPLETON, PUTNAM and BLACKMAR, JJ., concurred.

Judgment of the County Court of Kings county affirmed, with costs.